**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| IN RE CPI CARD GROUP INC. | : | No. 16 Civ. 04531 (LAK) |
| SECURITIES LITIGATION | : | |
| | : | |

**[PROPOSED] ORDER APPROVING FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiff Alex Stewart ("Lead Plaintiff"), on behalf of the Settlement

Class (as defined below), has applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the

Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order authorizing the

dissemination of notice of the proposed Settlement to the Settlement Class (defined below), for

settlement purposes only; and

WHEREAS, the proposed Settlement is embodied in the Stipulation and Agreement of

Settlement, dated as of September 21, 2018, with annexed exhibits (collectively, the

"Stipulation"), which has been submitted to the Court with Lead Plaintiff's motion; and

WHEREAS, the Court has considered the Stipulation and the Parties' submissions; and

WHEREAS, all terms of the proposed Settlement are subject to the Court's approval after

notice has been provided to the Settlement Class and the Court has held a Settlement Hearing;

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein

shall have the meaning set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **Provisional Certification of the Settlement Class**.  The Court hereby

provisionally certifies the Settlement Class solely for purposes of the proposed Settlement,

pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure.  The Settlement Class

(consisting of "Settlement Class Members") means all Persons who purchased or acquired CPI common stock pursuant to or traceable to the registration statement issued in connection with CPI's October 9, 2015 initial public offering, and who were damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of CPI and/or the Tricor Fund Defendants, at all relevant times, including CPI's employee retirement and/or benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (iii) the past and current officers and directors of the Underwriter Defendants; (iv) any entity in which Defendants have a majority ownership interest; (v) persons who have no compensable damages; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class.

2.      This provisional certification of the Settlement Class is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Stipulation.  If the Court does not grant final approval of the proposed Settlement, or if the Court's grant of final approval does not become Final for any reason, or is modified in any material respect, this provisional class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever.

3.      For purposes of the proposed settlement of the Action, and only for those purposes, and subject to the terms of the Stipulation, the Court provisionally finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure appear to be satisfied, in that:

(a)      The Settlement Class appears to be so numerous that joinder of all members would be impractical;

2

(b)      Lead Plaintiff has alleged one or more questions of fact and law that appear to be common to all Settlement Class Members;

(c)      Based on Lead Plaintiff's allegations that Defendants engaged in uniform conduct affecting all Settlement Class Members, Lead Plaintiff's claims appear to be typical of those of the other members of the Settlement Class;

(d)      Lead Plaintiff appears to be capable of fairly and adequately protecting the interests of the members of the Settlement Class, in that (i) Lead Plaintiff's interests appear to be consistent with those of the other Settlement Class Members, (ii) Lead Counsel appears to be able and qualified to represent the Settlement Class, and (iii) Lead Plaintiff and Lead Counsel appear to have fairly and adequately represented the Settlement Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

(e)      For settlement purposes, questions of law and/or fact common to members of the Settlement Class appear to predominate over any such questions affecting only individual Settlement Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (i) the Settlement Class Members' interests in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

4.      Solely for purposes of the proposed Settlement, the Court hereby provisionally certifies Alex Stewart as the Class Representative and provisionally appoints Labaton Sucharow LLP as Class Counsel pursuant to Rule 23(g).

5.      **<u>Settlement Hearing – Right to Be Heard.</u>**  The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at ____ _.m., in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 21B, for the following purposes: (i) to determine whether the Court should grant final certification of the Action as a class action for purposes of the Settlement and confirm its appointment of Lead Plaintiff and Lead Counsel as Class Representative and Class Counsel, respectively; (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate; (iii) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iv) to rule upon the proposed Plan of Allocation for the proceeds of the Settlement; (v) to rule upon Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses (which may include the costs and expenses of the Lead Plaintiff directly related to his representation of the Settlement Class); and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and payment of litigation expenses shall be filed no later than thirty-five (35) calendar days prior to the Settlement Hearing.  Reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

6.      Any member of the Settlement Class may appear at the Settlement Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of

Allocation or to the application of Lead Counsel for attorneys' fees and litigation expenses. However, no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation, or the application by Lead Counsel for an award of attorneys' fees and litigation expenses, unless, no later than twenty-one (21) calendar days prior to the Settlement Hearing, that Class Member (i) has filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York; and (ii) has served written objections, by hand or first-class mail, as well as copies of any papers and/or briefs in support of his, her or its position, upon each of the following counsel for receipt no later than twenty-one (21) calendar days prior to the Settlement Hearing:

**Court**

Clerk of the Court
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Lead Counsel**

Jonathan Gardner
Labaton Sucharow LLP
140 Broadway
New York, NY  10005

**Defendants' Counsel Representatives**

James P. Smith III
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Adam S. Hakki
Shearman & Sterling LLP
599 Lexington Avenue

New York, NY 10022

7.      Any objections must state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) that the objector is objecting to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application in *In re CPI Card Group Inc. Securities Litigation,* No. 16 Civ. 04531 (LAK) (S.D.N.Y.); (iii) the objection(s) and the specific reasons for each objection, including any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention; and (iv) include documents sufficient to prove the objector's membership in the Settlement Class, including the number of shares of common stock purchased, acquired, and sold during the Relevant Period as well as the dates and prices of each such purchase, acquisition, and sale. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in this Order and in the Notice shall be deemed to have waived the objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Settlement Class Members submitting written objections are not required to attend the Settlement Hearing, but any Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and

exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class

Members do not need to appear at the hearing or take any other action to indicate their approval.

8.      Any Settlement Class Member who does not make his, her or its objection in the

manner provided for herein shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected

in the Stipulation, to the Plan of Allocation, or to the application by Lead Counsel for an award

of attorneys' fees and litigation expenses.  By objecting to the Settlement, the Plan of Allocation

and/or the application by Lead Counsel for an award of attorneys' fees and litigation expenses, or

otherwise requesting to be heard at the Settlement Hearing, a Person shall be deemed to have

submitted to the jurisdiction of the Court with respect to the Person's objection or request to be

heard and the subject matter of the Settlement, including, but not limited to, enforcement of the

terms of the Settlement (including, but not limited to, the release of the Released Claims

provided for in the Stipulation and the Judgment).

9.      If approved, all Settlement Class Members will be bound by the proposed

Settlement provided for in the Stipulation, and by any judgment or determination of the Court

affecting Settlement Class Members, whether favorable or unfavorable, regardless of whether or

not a Settlement Class Member objects or submits a Proof of Claim form.

10.     Any member of the Settlement Class may enter an appearance in the Action, at

his, her or its own expense, individually or through counsel of his, her or its own choice.  If they

do not enter an appearance, they will be represented by Lead Counsel.

11.     The Court reserves the right to (i) adjourn or continue the Settlement Hearing, or

any adjournment or continuance thereof, without further notice to Settlement Class Members and

(ii) approve the Stipulation with modification and without further notice to Settlement Class

Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

12.     **Mailing and Publication of Notice.**  The Court approves the form of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds that the procedures established for publication, mailing, and distribution of such documents substantially in the manner and form set forth in this Order meet the requirements of the Federal Rules of Civil Procedure (including Rules 23(c) – (e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the Rules of this Court.

13.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator to supervise and administer the notice procedure set forth herein, as well as the processing of claims, as more fully set forth below.

(a)     The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first-class mail, postage prepaid, no later than ten (10) calendar days after entry of this Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Defendant CPI, to the extent it has not already done so, no later than seven (7) calendar days following entry of this Order, shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, the Company's transfer records in electronic searchable form, such as Excel, containing the names and addresses of

Persons who purchased or acquired the publicly traded common stock of CPI during the Relevant Period.

(b)     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased or acquired CPI common stock during the Relevant Period as record owners but not as beneficial owners.  These nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all beneficial owners for which they purchased or otherwise acquired CPI common stock during the Relevant Period and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all those beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all those beneficial owners to the Claims Administrator, and the Claims Administrator shall send the Notice promptly to the identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, the nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

(c)     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel

shall cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

(d)     The Notice, the Summary Notice and the Claim Form shall also be placed on the website created for the Action.

14.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form, and proof of publication of the Summary Notice.

15.     The Court approves the form of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing, and distribution of such documents substantially in the manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the Due Process Clause of the Constitution; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice.

16.     **Claims Process.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the Stipulation, each claimant must take the following actions and is subject to the following conditions:

17.     The claimant must submit a properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, to the Claims Administrator, at the address indicated in the Notice, postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) as long as the Claim Form is actually received before a distribution of the Net Settlement Fund.  Any Claim

Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claim Forms provided such acceptance does not delay the distribution of the Net Settlement Fund to Authorized Claimants.

18.     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documentation that is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

19.     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

20.     **Exclusion from the Settlement Class.** Any requests for exclusion from the Settlement Class in connection with the Notice must be submitted in accordance with the instructions included in the Notice.   A Class Member wishing to make such a request shall mail the request in written form by first class mail to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion shall clearly state that the Settlement Class Member requests to be "excluded from the Settlement Class in *In re CPI Card Group Inc. Securities Litigation,* No. 16 Civ. 04531 (LAK) (S.D.N.Y.)" and must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of CPI common stock the person or entity purchased, acquired, and sold during the Relevant Period, as well as the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

21.     All Persons who submit valid and timely requests for exclusion in the manner set forth in this Order and the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

22.     Any member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order and the Notice shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class, and shall be bound by the Settlement, the Judgment, or the Alternative Judgment, including, but not limited to, the release of the Released

Claims against the Released Defendant Parties provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

23. **Settlement Fund.** All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24. As set forth in the Stipulation, notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of this Court, up to $500,000 in Notice and Administration Expenses. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Proof of Claim, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. After the Effective Date, Notice and Administration Expenses may be paid as set forth in the Stipulation. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Expenses reasonably paid or reasonably incurred, including any related fees, shall not be returned or repaid to Defendants or any other Released Defendant Party, or to any person or entity who or which paid any portion of the Settlement Amount on their behalf.

25. **Termination.** In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment or Alternative Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except paragraphs 25 and 26) shall be

null and void, the Stipulation shall be deemed terminated, and the Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

26. **Use of Order.** Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (i) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (ii) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (iii) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (iv) shall be construed against the Lead Plaintiff and the Settlement Class to argue that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded

the Settlement Amount.  The Parties further understand and agree that Defendants deny all of Lead Plaintiff's claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

27.     **Stay.**  Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Settlement Class Members shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

28.     **Jurisdiction.**  The Court retains exclusive jurisdiction over the Action to, *inter alia*, consider all further matters arising out of or connected with the Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses.


Dated: New York, New York
_____, 2018


_____
                         Lewis A. Kaplan
                   United States District Judge

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| IN RE CPI CARD GROUP INC. | : | No. 16 Civ. 04531 (LAK) |
| SECURITIES LITIGATION | : |  |
|   | : |  |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or acquired the common stock of CPI Card Group Inc. ("CPI" or the "Company") pursuant to or traceable to the registration statement issued in connection with CPI's October 9, 2015 initial public offering of common stock (the "IPO") and were damaged thereby, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is **not** a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"),[1] and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses (*see* pages ___ and ___ below).  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the Settlement will create an $11 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members, after the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes. This is an average recovery of approximately $0.38 per allegedly damaged share, before these deductions.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Alex Stewart (the "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against CPI, Steven Montross, David Brush, Jerry Dreiling, Bradley Seaman, Nicholas Peters, Robert Pearce, and David Rowntree (collectively, the "Individual Defendants"), Tricor Pacific Capital Partners (Fund IV), Limited Partnership, Tricor Pacific Capital Partners (Fund IV) US, Limited Partnership, and Tricor Pacific Capital, Inc. (collectively, the "Tricor Fund Defendants"), as well as BMO Capital Markets Corp., Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), CIBC World Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Raymond James & Associates, Inc., Scotia Capital (USA) Inc., and Griffiths McBurney Corp.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated ____, 2018 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

(collectively, the "Underwriter Defendants" and with CPI, the Individual Defendants, and the Tricor Fund Defendants, collectively, the "Defendants").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2018** | The <u>only</u> way to get a payment.  *See* Question ___ below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2018** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question ___ below for details. |
| **OBJECT BY _____, 2018** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question ___ below for details. |
| **GO TO A HEARING ON _____, 2018 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2018** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question __ below for details. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

### SUMMARY OF THE NOTICE

<u>Statement of the Settlement Class's Recovery</u>

1.       Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $11,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's damages expert's estimate of the number of shares of CPI

common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.38 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.26 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased or acquired CPI common stock during the Relevant Period (defined below); and (iv) whether and when the Settlement Class Member sold CPI common stock.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim alleged.   The issues on which the Parties disagree include, for example: (i) whether the registration statement issued in connection with CPI's IPO contained untrue statements of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading; (ii) the extent to which external factors, such as general market, economic and industry conditions, influenced the trading prices of CPI common stock at various times during the Relevant Period; (iii) whether certain Defendants conducted

---

[2]      An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

reasonable "due diligence" in connection with CPI's IPO; and (iv) whether class members suffered any damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.  While Lead Plaintiff believes he has meritorious claims, he recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $200,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to his representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.12 per allegedly damaged share of CPI common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the

anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.     For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.     Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.     Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**[END OF PSLRA COVER PAGE]**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

9.     You or someone in your family may have purchased or acquired CPI common stock during the period from October 9, 2015 through June 15, 2016, inclusive (the "Relevant Period").  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.     The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re CPI Card Group Inc. Securities Litigation*, No. 16 Civ. 04531 (LAK).   The Action is assigned to the Honorable Lewis A. Kaplan, United States District Judge.

| **2.  What is this case about and what has happened so far?** |
| --- |

12.     CPI is a provider of comprehensive financial payment card solutions in North America.  Financial payment cards, as the Company defines them, are credit, debit, and prepaid debit cards issued on the networks of Visa, MasterCard, American Express, Discover, and Interac.  At the time of the Company's IPO on October 9, 2015, CPI was the largest provider of financial payment cards in the United States.  Leading up to the Company's IPO, CPI made investments in the production of a new generation of financial payment cards called "EMV" cards, or "chip cards."  Lead Plaintiff alleges that CPI reported rapidly increasing EMV card sales and earnings and appeared poised for continued growth.  However, at the time of the IPO, Lead Plaintiff alleges that CPI's largest customers were overstocked with EMV cards and would be making significantly fewer purchases from CPI, thereby dramatically decreasing the Company's sales and profits in the quarters following the IPO.  Further, Lead Plaintiff alleges that, at the time of the IPO, CPI's small and midsize customers were not rapidly adopting EMV card technology.  Finally, Lead Plaintiff alleges that, at the time of the IPO, CPI was facing increased pricing pressure and competition in connection with obtaining EMV card orders.

13.     Lead Plaintiff alleges that the registration statement and prospectus used to conduct the IPO (the "Offering Materials") were false and misleading for misrepresenting the

true state of demand for EMV cards and failing to disclose adverse trends and uncertainties, as well as significant risks, concerning the Company and its EMV card sales at the time of the IPO.  Lead Plaintiff alleges that, as the market learned the truth about the Company's EMV card sales and the demand for those cards, CPI's stock price fell.

14.     On June 15, 2016, two securities class action complaints were filed in the U.S. District Court for the District of New York (the "Court") asserting claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the offering materials for CPI's IPO.

15.     On August 30, 2016, the Court entered an Order appointing Alex Stewart as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and consolidating the two related actions, and all subsequently filed actions, into this Action.  In the same Order, the Court appointed Michael W. Stocker of Labaton Sucharow LLP as Lead Counsel.  The Court subsequently substituted Jonathan Gardner of Labaton Sucharow LLP for Mr. Stocker as Lead Counsel.

16.     On October 17, 2016, Lead Plaintiff filed the Consolidated Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"), asserting claims under Sections 11 and 15 of the Securities Act.  In general, the Complaint alleges that the Offering Materials used to conduct the Company's IPO misrepresented the true state of demand of EMV cards and failed to disclose material adverse trends and uncertainties, as well as significant risks, that allegedly existed and were known as of the date of the IPO.

17.     On November 16, 2016, CPI, the Individual Defendants, and the Tricor Defendants (the "Issuer Defendants") filed a motion to dismiss the Complaint, and the Underwriter Defendants filed a joinder.  Lead Plaintiff opposed the motion on December 16, 2016.  On January 10, 2017, the Issuer Defendants filed a reply brief in further support of the

motion to dismiss, and the Underwriter Defendants filed a joinder.  On October 30, 2017, the Court entered a Memorandum Opinion denying the motion to dismiss in its entirety.

18.     On January 12, 2018, the Issuer Defendants and the Underwriter Defendants answered the Complaint.

19.     On April 23, 2018, Lead Plaintiff moved for class certification, appointment as the class representative, and appointment of Lead Counsel as class counsel.  On June 11, 2018, the Issuer Defendants opposed the motion for class certification and the Underwriter Defendants filed a joinder to that opposition.  The motion was pending when the Parties agreed to settle the Action.

20.     Lead Plaintiff, through Lead Counsel, has conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process has included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) over 2000 documents produced by Issuer Defendants in connection with the mediation and through confirmatory discovery; (v) documents and other information produced by third-parties in response to subpoenas; and (vi) the applicable law governing the claims and potential defenses.  Lead Counsel also (i) interviewed Defendant Nicholas Peters, a member of CPI's Board of Directors, as part of confirmatory discovery; (ii) interviewed 16 former CPI employees and other persons with relevant knowledge; and (iii) consulted with experts on damages and causation issues.

21.     Lead Plaintiff and the Issuer Defendants engaged Michelle Yoshida, a well-respected and experienced mediator, to assist them in exploring a potential negotiated resolution

of the Action.  On May 4, 2018, Lead Plaintiff and the Issuer Defendants participated in a full-day mediation session in an attempt to reach a settlement, however an agreement could not be reached.  Lead Plaintiff and the Issuer Defendants continued arm's-length discussions and ultimately executed a Settlement Term Sheet on July 30, 2018.  On September ___, 2018, the Parties executed the Stipulation, which sets forth the final terms and conditions of the Settlement.

**3.  Why is this a class action?**

22.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Alex Stewart to serve as Lead Plaintiff and has appointed Jonathan Gardner of Labaton Sucharow LLP to serve as Lead Counsel.

**4.  What are the reasons for the Settlement?**

23.     The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) countering Lead Plaintiff's allegations that the Offering Materials failed to disclose material adverse trends and uncertainties allegedly known to Defendants at the time of the IPO.  Defendants also

maintained that there were no recoverable damages.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the Settlement Class. Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

24.     Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that the Settlement is in the best interests of Defendants.

## WHO IS IN THE SETTLEMENT

| 5.  How do I know if I am part of the Settlement Class? |
| --- |

25.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 13 below):

> *All Persons who purchased or acquired CPI common stock pursuant to or traceable to the registration statement issued in connection with the IPO, and who were damaged thereby.*

26.     If one of your mutual funds purchased CPI common stock during the Relevant Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased or acquired CPI

common stock during the Relevant Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

| **6. Are there exceptions to being included?** |
|---|

27.     Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of CPI and/or the Tricor Fund Defendants, at all relevant times, including CPI's employee retirement and/or benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (iii) the officers and directors of the Underwriter Defendants; (iv) any entity in which the Defendants have a majority ownership interest; (v) persons who have no compensable damages; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 13 below.

## THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |
|---|

28.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), certain Defendants have agreed to cause an $11 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

**8.  How can I receive a payment?**

29.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the website dedicated to the Settlement: www._____.com, or from Lead Counsel's website: www.labaton.com, or submit a claim online at www._____.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

30.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than** _____, **2018.**

**9.  When will I receive my payment?**

31.     The Court will hold a Settlement Hearing on _____, **2018** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**10.  What am I giving up to receive a payment and by staying in the Settlement Class?**

32.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)     **"Released Claims"** means any and all claims, demands, losses, rights, and causes of action of every nature and description whatsoever, whether known or Unknown, that have

been or could have been asserted in this action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common or foreign law, by Lead Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, which arise out of, are based upon, or relate to in any way to:  (i) the purchase, acquisition, holding, sale or disposition of CPI common stock during the period from October 9, 2015 through June 15, 2016 (the "Relevant Period") and/or in or traceable to the IPO; and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, statements or omissions that were or could have been involved, set forth, alleged or referred to, or asserted in the Action by Lead Plaintiff or members of the Settlement Class.  However, the release will not release any claims relating to the enforcement of the Settlement or any derivative or ERISA claims asserted in any related shareholder derivative or ERISA actions, including, but not limited to, *Heckermann v. Montross, et al.*, No. 17-cv-1673 (D. Del.).

(b)   **"Released Defendant Parties"** means Defendants and Defendants' Counsel and each of Defendants' and Defendants' Counsel's respective past, present, or future subsidiaries, parents, divisions, affiliates, and their and each of Defendant's and Defendant's Counsel's respective present or former principals, successors, predecessors, assigns, officers, directors, shareholders, trustees, partners, members, underwriters, agents, fiduciaries, contractors, employees, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, heirs, insurers, co-insurers and re-insurers, and related or affiliated entities; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family

members; and any firm, trust, corporation, or entity in which any Defendant has a controlling interest.

(c)    "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment

shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

33.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

34.    Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

35.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

---

**11.  How do I exclude myself from the Settlement Class?**

---

36.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re CPI Card Group Inc.*

*Securities Litigation*, No. 16 Civ. 04531 (LAK)."  You cannot exclude yourself by telephone or

e-mail.  Each request for exclusion must also: (i) state the name, address and telephone number

of the person or entity requesting exclusion; (ii) state the number of shares of CPI common

stock the person or entity purchased, acquired, and sold during the Relevant Period, as well as

the dates and prices of each such purchase, acquisition and sale; and (iii) be signed by the

Person requesting exclusion or an authorized representative.  A request for exclusion must be

submitted so that it is **received no later than _____, 2018** to:

*CPI Securities Litigation*
c/o _____
P.O. Box _____
_____

37.     This information is needed to determine whether you are a member of the

Settlement Class.  Your exclusion request must comply with these requirements in order to be

valid.  If you ask to be excluded, do not submit a Claim Form because you cannot receive any

payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you

will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you

will not be legally bound by anything that happens in the Action, and you may be able to sue (or

continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**12.     If I do not exclude myself, can I sue Defendants and the other Released Defendant
Parties for the same thing later?**

---

38.     No.  Unless you properly exclude yourself, you will give up any rights to sue

Defendants and the other Released Defendant Parties for any and all Released Claims.  If you

have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in

that case immediately**.  You must exclude yourself from this Settlement Class to continue your

own lawsuit.  Remember, the exclusion deadline is _____, **2018.**

| **13.  If I exclude myself, can I get money from the proposed Settlement?** |
|---|

39.     No, only Settlement Class Members are eligible to recover money from the Settlement.

## THE LAWYERS REPRESENTING YOU

| **14.  Do I have a lawyer in this case?** |
|---|

40.     Jonathan Gardner of Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.  How will the lawyers be paid?** |
|---|

41.     Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel, on behalf of itself and all other Plaintiff's counsel, will seek an attorneys' fee award of no more than 30% of the Settlement Fund, which will include accrued interest.  Lead Counsel was assisted in this case by Goldberg Law PC and the Schall Law Firm, (collectively "Plaintiffs' Counsel"), which have provided additional legal assistance to the Lead Plaintiff.  Lead Counsel has agreed to share the awarded attorneys' fees with Goldberg and Schall, and payment to them will in no way increase the fees that are deducted from the Settlement Fund.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of this Action of no more than $200,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of the Lead Plaintiff directly related to its representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court

will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 16.  How do I tell the Court that I do not like something about the proposed Settlement?

42.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

43.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re CPI Card Group Inc. Securities Litigation*, No. 16 Civ. 04531 (LAK)."  The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove the objector's membership in the Settlement Class, including the number of shares of common stock, acquired, and sold during the Relevant Period as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed

with the Court **no later than** _____, 2018 **and** mailed or delivered to the following

counsel so that it is **received no later than** _____, 2018:

| **Court** | **Lead Counsel** | **Defendants' Counsel Representatives** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Winston & Strawn LLP** |
| United States District Court | Jonathan Gardner, Esq. | James P. Smith III, Esq. |
| Southern District of New York | 140 Broadway | 200 Park Avenue |
| Daniel Patrick Moynihan U.S. | New York, NY 10005 | New York, NY 10166-4193 |
| Courthouse | | |
| 500 Pearl Street | | **Shearman & Sterling LLP** |
| New York, NY 10007 | | Adam S. Hakki, Esq. |
| | | 599 Lexington Avenue |
| | | New York, NY 10022 |

44.     You do not need to attend the Settlement Hearing to have your written objection

considered by the Court.  However, any Settlement Class Member who has complied with the

procedures described in this Question 16 and below in Question 20 may appear at the

Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear

in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at

the Settlement Hearing.

---

**17.  What is the difference between objecting and seeking exclusion?**

---

45.     Objecting is telling the Court that you do not like something about the proposed

Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still

recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

If you exclude yourself from the Settlement Class, you have no basis to object because the

Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**18.  When and where will the Court decide whether to approve the proposed Settlement?**

46.      The Court will hold the Settlement Hearing on _____, **2018 at** ____ _**.m.**, in Courtroom 21B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

47.      At this hearing, the Honorable Lewis A. Kaplan will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above.  We do not know how long it will take the Court to make these decisions.

48.      You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or visit the settlement website, www._____.com, beforehand to be sure that the hearing date and/or time has not changed.

**19.  Do I have to come to the Settlement Hearing?**

49.      No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 20 below **no later than _____, 2018**.

**20.  May I speak at the Settlement Hearing?**

50.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2018,** submit a statement that you, or your attorney, intend to appear in "*In re CPI Card Group Inc. Securities Litigation*, No. 16 Civ. 04531 (LAK)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 16 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 20 and Question 16 above.

## IF YOU DO NOTHING

**21.  What happens if I do nothing at all?**

51.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 13 above).

## GETTING MORE INFORMATION

**22.  Are there more details about the Settlement?**

52.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the

case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.      You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *CPI Securities Litigation,* c/o_____.

**Please do not call the Court with questions about the Settlement.**

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**23.  How will my claim be calculated?**

54.      The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____ and at www.labaton.com.

55.      The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.

56.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses allegedly as a result of the asserted violations of the federal securities laws during the Relevant Period (October 9, 2015 through June 15, 2016) that the Court found viable.  To design this Plan, Lead Counsel has conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action.

57.     The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased or acquired CPI publicly traded common stock; and (c) whether and when the claimant sold his, her, or its shares of common stock.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

58.     Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the

Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

59.     Section 11 of the Securities Act serves as the basis for the calculation of the Recognized Loss Amounts under the Plan of Allocation.  Section 11 of the Securities Act provides a statutory formula for the calculation of damages.  The formulas stated below, which were developed by Lead Plaintiff's damages expert, generally track the statutory formula.

60.     Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Lead Plaintiff, Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

61.     For purposes of determining whether a claimant has a Recognized Claim, purchases, acquisitions, and sales of CPI common stock will first be matched on a First In/First Out ("FIFO") basis, as set forth below.

62.     The Claims Administrator will calculate a "Recognized Loss Amount" as set forth below for each purchase of CPI common stock during the Relevant Period from October 9, 2015 through June 15, 2016 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

63.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

**For each share of CPI Card common stock purchased or acquired from October 9, 2015, through and including June 15, 2016, and**:

A. Sold before the opening of trading on June 15, 2016,[3] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the offering of $10.00) ***minus*** the sale price.[4]

B. Sold after the opening of trading on June 15, 2016, through the close of trading on March 6, 2017,[5] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the offering of $10.00) ***minus*** the sale price (not to be less than $4.62, the closing share price on June 15, 2016).

C. Retained through the close of trading on March 6, 2017, the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the offering of $10.00) ***minus*** $4.62, the closing share price on June 15, 2016.

## ADDITIONAL PROVISIONS

64.    Publicly traded CPI common stock is the only security eligible for recovery under the Plan of Allocation.  With respect to CPI common stock purchased or sold through the exercise of an option, the purchase/sale date of the CPI common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

65.    If a Settlement Class Member has more than one purchase/acquisition or sale of CPI common stock during the Relevant Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Relevant Period sales will be matched first against any holdings at the beginning of the Relevant Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Relevant Period.

---

[3] For purposes of the statutory calculations, June 15, 2016, the date of the filing of the first complaint in the Action, is the date of suit.

[4] On December 20, 2017, there was a 1-for-5 reverse stock split.  Share prices and volume figures used in the Plan have been adjusted to "unwind" the split to be comparable to pre-split levels.  When completing a claim form, claimants should enter share and pricing information exactly as reflected in their documentation.  Adjustments will be made by the Claims Administrator.

[5] For purposes of the statutory calculations, March 6, 2017 is the proxy date for the date of judgment because after March 6, 2017, the price of CPI Card common stock has never traded above $4.62, the closing price on June 15, 2016.

66.     Purchases or acquisitions and sales of CPI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of CPI common stock during the Relevant Period shall not be deemed a purchase, acquisition, or sale of these shares of CPI common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such CPI common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of CPI common stock during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of CPI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a claimant has an opening short position in CPI common stock at the start of the Relevant Period, the earliest Relevant Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Relevant Period, the earliest subsequent Relevant Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

68.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized

Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

69.    Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

70.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise)  after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their initial checks in an equitable and economic fashion.   Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed  to  a  non-sectarian,  not-for-profit  charitable  organization(s)  serving  the  public interest, designated by Lead Plaintiff and approved by the Court.

71.    Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment

or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

72.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

73.     If you purchased or acquired CPI common stock (ISIN: ____) during the Relevant Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or acquired CPI common stock during the Relevant Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*CPI Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2018                    BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE CPI CARD GROUP INC. | : |
| SECURITIES LITIGATION | :   No. 16 Civ. 04531 (LAK) |
|  | : |
|  | : |

## PROOF OF CLAIM AND RELEASE

### A.  GENERAL INSTRUCTIONS

1.  To recover as a member of the Settlement Class based on your claims in the action entitled *In re CPI Card Group Inc. Securities Litigation*, No. 16 Civ. 04531 (LAK) (the "Action"), you must complete and, on page \_\_\_\_ hereof, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.  **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.\_\_\_\_  NO LATER THAN _____, 2018 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS**:

*CPI Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.

_____

Milwaukee, WI 53217
www._____.com

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), which accompanies this Claim Form) DO NOT submit a Claim Form.

4.  If you are a member of the Settlement Class and you did not timely request exclusion in response to the Notice dated _____, 2018, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## B.  CLAIMANT IDENTIFICATION

1.      If you purchased or acquired the common stock of CPI Card Group Inc. ("CPI") during the period from October 9, 2015 through June 15, 2016, inclusive (the "Relevant Period") and held the stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or acquired the common stock of CPI during the Relevant Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of CPI common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in CPI Common Stock" to supply all required details of your transaction(s) in CPI common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and all of your sales of CPI common stock between October 9, 2015 and March 6, 2017, inclusive, which took place pursuant to or traceable to the registration statement issued in connection with CPI's initial public offering on October 9, 2015, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to all of the shares of CPI common stock you held at the close of trading on March 6, 2017.  Failure to report all such transactions may result in the rejection of your claim.

3.      **PLEASE NOTE:** On December 20, 2017, there was a 1-for-5 reverse stock split. When completing this Claim Form, enter share and pricing information exactly as reflected in your documentation.  Adjustments will be made by the Claims Administrator.

4.      The date of covering a "short sale" is deemed to be the date of purchase of CPI common stock.  The date of a "short sale" is deemed to be the date of sale of CPI traded stock.

5.      Copies of broker confirmations or other documentation of your transactions in CPI common stock should be attached to your claim.  Failure to provide this documentation

could delay verification of your claim or result in rejection of your claim.  The Parties do not have information about your transactions in CPI common stock.

6.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (___) ___-___ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                             Last Name

| | | | | | | | | | |     | | | | | | | | | | | | | | | | |

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                             Last Name

| | | | | | | | | | |     | | | | | | | | | | | | | | | | |

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

| | | | | | | | | | | | | | | | | | | | | | | | | | | |

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

| | | | | | | | | | | | | | | | | | | | | | | | | | | |

Last 4 digits of Social Security Number or Taxpayer Identification Number

| | | | |

Street Address

| | | | | | | | | | | | | | | | | | | | | | | | | | | |

City                                                                  State/Province   Zip Code

| | | | | | | | | | | | | | | | | | | | |     | | |     | | | | |

Foreign Postal Code (if applicable)                    Foreign Country (if applicable)

| | | | | | | | | |     | | | | | | | | | | | | | | | | |

Telephone Number (Day)                          Telephone Number (Evening)

| | | |   | | | |   | | | | |          | | | |   | | | |   | | | | |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership        ☐ Estate        ☐ Trust        ☐ Other                    (describe:

## PART II – SCHEDULE OF TRANSACTIONS IN IN CPI COMMON STOCK[1]

| 1. **HOLDINGS AS OF OCTOBER 9, 2015** – State the total number of shares of CPI common stock held as of the opening of trading on October 9, 2015.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position  Enclosed |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 9, 2015 THROUGH MARCH 6, 2017.**   Separately list each and every purchase/acquisition of CPI common stock from after the opening of trading on October 9, 2015 through and including the close of trading on March 6, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**4. SALES FROM OCTOBER 9, 2015 THROUGH MARCH 6, 2017** – Separately list each and every sale/disposition of CPI common stock from after the opening of trading on October 9, 2015 through and including the close of trading on March 6, 2017. (Must be documented.) — **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| 5. **HOLDINGS AS OF** March 6, 2017 – State the total number of shares of CPI common stock held as of the close of trading on March 6, 2017. (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ . INCLUDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER/TAXPAYER IDENTIFICATION NUMBER ON EACH PAGE**

---

[1] **On December 20, 2017, there was a 1-for-5 reverse stock split.  When completing this Claim Form, enter share and pricing information exactly as reflected in your documentation.  Adjustments will be made by the Claims Administrator.**

**YOU MUST READ AND SIGN THE RELEASE ON THIS PAGE.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.|**

## PART III – ACKNOWLEDGMENTS AND RELEASE

### A.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated September 21, 2018 (the "Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other CPI securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same purchases or sales of CPI common stock during the Relevant Period and know of no other person having done so on my (our) behalf.

### B.   RELEASE AND ACKNOWLEDGEMENT

1.     Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release and discharge by me (us) and my (our) successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such) of each of the "Released Defendant Parties" of all "Released Claims," as those terms are defined in the Stipulation.

2.     Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute an agreement by me (us) and my (our) successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Defendant Parties.

3.     I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" set forth in the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to

this release or any other part or portion thereof.

     5.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in CPI common stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

     6.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

     I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                 (Month / Year)             (City)           (State/Country)

_____     _____
Signature of Claimant                       Signature of Joint Claimant, if any

_____     _____
Print Name of Claimant                      Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

### REMINDER CHECKLIST

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

     *CPI Securities Litigation*
     Claims Administrator
     c/o A.B. Data, Ltd.
     _____
     Milwaukee, WI  53217
     www._____
     (___) ___-_____

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| IN RE CPI CARD GROUP INC. | : | No. 16 Civ. 04531 (LAK) |
| SECURITIES LITIGATION | : | |
| | : | |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:** **All Persons Who Purchased or Acquired CPI Card Group Inc. ("CPI") Common Stock Pursuant to or Traceable to the Registration Statement Issued in Connection with CPI's October 9, 2015 Initial Public Offering, and Who Were Damaged Thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Lead Plaintiff Alex Stewart, on behalf of himself and the Settlement Class, and CPI, Steven Montross, David Brush, Jerry Dreiling, Bradley Seaman, Nicholas Peters, Robert Pearce, and David Rowntree, Tricor Pacific Capital Partners (Fund IV), Limited Partnership, Tricor Pacific Capital Partners (Fund IV) US, Limited Partnership, and Tricor Pacific Capital, Inc., and BMO Capital Markets Corp., Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), CIBC World Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Raymond James & Associates, Inc., Scotia Capital (USA) Inc., and Griffiths McBurney Corp. (collectively, the "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $11,000,000 that, if approved, will resolve the Action in its entirety (the "Settlement").

A hearing will be held before the Honorable Lewis A. Kaplan of the United District Court for the District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, Courtroom 21B, at __:___ ___.m. on _____ __, 2018 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i)

approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated September 21, 2018; (iii) approve the proposed Plan of Allocation for distribution of the Net Settlement Fund; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing without providing another notice.   You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Notice and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website dedicated to the Settlement, www._____.com, or by contacting the Claims Administrator at:

*CPI Securities Litigation*
Claims Administrator
c/o _____
_____
(_____) _____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

Jonathan Gardner, Esq.
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or received no later than*** _____ __***, 2018***.  If you are a Settlement Class Member and do not timely submit a valid

Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court in the Action, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than*** _____ __***, 2018.***  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than*** _____ __***, 2018***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2018          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF NEW YORK