USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2|6|2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

CPI CARD GROUP INC. SECURITIES LITIGATION                16-Civ-4531 (LAK)


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

This is a securities class action in which the Lead Plaintiff defeated a motion to dismiss and engaged in other limited motion practice, conducted some document discovery and defended one deposition, agreed in principle to settle, and then conducted a single interview of a defendant executive and looked at some more documents before committing to the settlement. Lead Counsel now seeks an attorney's fee of $2.75 million, or 25 percent of the $11 million settlement, a settlement that the Court already has approved as fair, reasonable and adequate.

"[I]t remains the law in this Circuit that courts 'may award attorneys' fees in common fund cases under either the "lodestar" method or the "percentage of the fund" method.'" *McDaniel v. County of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (quoting *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir.2005)). Accordingly, I apply the lodestar approach as a factor in the overall assessment of a reasonable fee given all of the well known *Goldberger* factors that need not be reiterated yet again.[1]

Counsel seek compensation for 2,910.9 hours dedicated to the matter by 33 time

---

[1] See *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 50 (2d Cir. 2000).

keepers of whom 19 were attorneys and two were "research analysts." Multiplication of those hours

by the claimed current hourly rates yields a total claimed lodestar of $1,677,832.50. The requested

fee of $2.75 million therefore would be equivalent to the claimed lodestar adjusted by a multiplier

of approximately 1.64.

The Court has some reservations about the claimed lodestar without in any way

impugning the accuracy of counsel's figures for hours expended.

First, the Court notes that the employment of 19 different attorneys and 14 other

timekeepers on this case is bound to have involved some non-trivial amount of duplication or

unnecessary effort. Lead Counsel explained that the number of attorneys and other timekeepers is

attributable to the allocation of work to specialized groups to improve efficiency. The Court

recognizes the potential benefit of this approach but nevertheless finds the number of timekeepers

to be excessive given that work consisted of the following: (1) drafting a complaint, (2) opposing

a motion to dismiss, (3) litigating a motion to serve as lead plaintiff that ultimately was unopposed,

(4) litigating a motion to certify the class, though not to its conclusion, (5) reviewing a relatively

modest number of documents, (6) defending one deposition that lasted approximately 5 hours, (7)

conducting one interview that lasted approximately four to five hours, and (8) engaging in

settlement/mediation discussions.

Second, Lead Counsel explained that while the claimed lodestar is based on the

claimed current hourly rates of the timekeepers, at least some of those hourly rates increased over

the course of the litigation. While the Court is mindful that some courts quite appropriately have

used current rather than historical hourly rates that were in effect from time to time as work was done

in recognition of the time value of money, I think it more useful to consider the time value of money

at a later stage in the determination of a reasonable fee. This may be done in determining a multiplier or a percentage of recovery. But folding it into the lodestar risks some element of double counting. Accordingly, the court has adjusted the lodestar to reflect historical hourly rates to the extent that some differ from current rates and considered the use of current hourly rates in determining the multiplier.

Third, the Court is not persuaded that more than 2,900 hours devoted to a relatively straightforward, and not heavily litigated, case reflected as efficient a use of personnel as the class members were entitled to expect.[2]

With those considerations in mind, the Court reduces the hours sought across the board by ten percent, resulting in a lodestar of $1,510,049. Taking into account the fact that this was a well conceived case as reflected in the Court's denial of the motion to dismiss, the benefit to the class,[3] the commendable quality of counsel's representation of the class, and all of the other *Goldberger* factors, the Court considers a multiplier of 1.5 to reflect the proper balance between the interests of the class members and those of counsel. This would result in aggregate fees of $2,265,073.50 or 20.6 percent of the settlement.

One other point warrants mention. Lead Plaintiff seeks an award of $10,000 for his time and trouble. The Court does not consider such an award to be merited in this case.

Accordingly, the Lead Counsel's motion for attorneys fees and expenses [DI 162] is

---

2

Nor is the Court persuaded that the time spent by what appear to be non-lawyer "research analysts" is compensable in the manner that counsel seek. *Rudman v. CHC Group Ltd.,* No. 15-cv-3773 (LAK), 2018 WL 3594828, at *4-5 (S.D.N.Y. July 24, 2018).

3

The settlement was somewhat higher than the damages estimated by defendant's expert, assuming *arguendo* that plaintiffs prevailed at trial.

4

granted to the extent that Lead Counsel and the two other lawyers for whom fees are sought together

are awarded fees of $2,265,073.50 plus expenses of $105,801.19.  It is denied in all other respects.

     SO ORDERED.

Dated:       February 6, 2019

 

 

_____

            Lewis A. Kaplan
         United States District Judge