UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-19
```

IN RE CPI CARD GROUP INC.
SECURITIES LITIGATION

No. 16 Civ. 04531 (LAK)

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

WHEREAS:

A. As of September 21, 2018, Alex Stewart (the "Lead Plaintiff"), on behalf of himself and all other members of the Settlement Class (defined below), on the one hand, and CPI Card Group Inc. ("CPI" or the "Company"), Steven Montross, David Brush, Jerry Dreiling, Bradley Seaman, Nicholas Peters, Robert Pearce, and David Rowntree (collectively, the "Individual Defendants"), Tricor Pacific Capital Partners (Fund IV), Limited Partnership, Tricor Pacific Capital Partners (Fund IV) US, Limited Partnership, and Tricor Pacific Capital, Inc. (collectively, the "Tricor Fund Defendants"), as well as BMO Capital Markets Corp., Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), CIBC World Markets Inc., Robert W. Baird & Co. Incorporated, William Blair & Company, L.L.C., Raymond James & Associates, Inc., Scotia Capital (USA) Inc., and Griffiths McBurney Corp. (collectively, the "Underwriter Defendants" and with CPI, the Individual Defendants, and the Tricor Fund Defendants, collectively, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Order Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered October 22, 2018 (the "Notice Order"), the Court scheduled a hearing for February 5, 2019, at 4:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms

and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

  C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Notice Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) calendar days after the date of entry of the Notice Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Notice Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PRNewswire* within fourteen (14) calendar days of the Notice Date;

  D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by January 15, 2019;

  E. The provisions of the Notice Order as to notice were complied with;

  F. The Settlement Hearing was duly held before this Court on February 5, 2019, at which time all interested Persons were afforded the opportunity to be heard; and

  G. The Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, the record in the Action, and good cause appearing therefor;

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on October 15, 2018; and (ii) the Notice, which was filed with the Court on December 31, 2018. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

3. **Class Certification for Purposes of the Settlement.** The Court hereby affirms its determinations in the Notice Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons who purchased or acquired CPI common stock pursuant to or traceable to the registration statement issued in connection with CPI's October 9, 2015 initial public offering, and who were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and the Individual Defendants' immediate family members; (ii) the officers, directors, affiliates, and subsidiaries of CPI and/or the Tricor Fund Defendants, at all relevant times, including CPI's employee retirement and/or benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (iii) the past and current officers and directors of the Underwriter Defendants; (iv) any entity in which Defendants have a majority ownership interest; (v) persons who have no compensable damages; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. No valid requests for exclusion from the Settlement Class were received.

4. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Notice Order and finally certifies Alex Stewart as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5. **Notice.** The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Notice Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **Objections.** There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims.** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects, and finds that the Settlement is fair, reasonable, and adequate. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class, and Defendants. The Parties

are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.   The Consolidated Class Action Complaint for Violation of the Federal Securities Laws, filed on October 17, 2016, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.   **Releases.**  The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Accordingly, this Court orders that:

(a)   Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims (which include Unknown Claims) against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

(b)   Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

10.     Notwithstanding paragraph 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Binding Effect.** The terms of the Stipulation and of this Judgment shall be forever binding on and inure to the benefit of Defendants, Lead Plaintiff, and all other members of the Settlement Class (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and the Released Parties, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such.

12.     **Rule 11 Findings.** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

13.     **No Admissions.** Except as set forth in paragraph 14 below, neither this Judgment nor the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

    (c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could

6

have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the

7

Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, the Parties and other Released Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment. The Parties and other Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15. **Extensions of Time.** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. **Separate Orders for Attorneys' Fees and Expenses and Plan of Allocation.** A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders, including any changes to the Plan of Allocation reflected therein, shall in no way disturb or affect this Judgment or the Settlement and shall be considered separate therefrom.

17. **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the implementation and administration of the Settlement; (iii) the allowance, disallowance or

adjustment of any Settlement Class Member's claim on equitable grounds; (iv) any motion for an award of attorneys' fees and/or litigation expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (v) any motion to approve the Plan of Allocation; and (vi) the Class Members for all matters relating to the Action.

18. **Termination** - If the Effective Date of the Settlement does not occur, or the Settlement is terminated as provided in the Stipulation, then this Judgment (other than Paragraph 13) and any orders of the Court relating to the Settlement, shall be vacated, rendered null and void, and be of no further force or effect, and without prejudice to any party, and each party shall be restored to his, her or its respective litigation positions as they existed prior to June 18, 2018, pursuant to the terms of the Stipulation.

19. **Entry of Final Judgment.** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

Dated: New York, New York

_____2/25_____, 2019

_____
The Honorable Lewis A. Kaplan
United States District Judge